IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

J.A.B.L.,                         :
                                  :
              Petitioner,         :
                                  :
v.                                :     Case No. 4:26-cv-995-CDL-ALS
                                  :            28 U.S.C. § 2241
Warden, STEWART DETENTION         :
CENTER, *et al.*,                 :
                                  :
              Respondents.        :
_____

O R D E R

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  Pet. (July 7, 2026), ECF No. 1. The Court may apply Rule 4 of the Rules Governing § 2254 cases in this action.  SECT 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which addresses petitions under 28 U.S.C. § 2254].").  Under Rule 4, if a petition is not dismissed on preliminary review, then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  SECT 2254 Rule 4.  Applying Rule 4, the Court issues the following order.

This case appears to involve the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025).  In those cases, the Court

concluded that for noncitizens "who are found in the country unlawfully and are arrested" without having been inspected by an examining immigration officer, then "an immigration officer or immigration judge has the discretion" under 8 U.S.C. § 1226(a) to grant them release on bond unless a statutory exception applies under 8 U.S.C. § 1226(c). *J.A.M.*, 2025 WL 3050094, at *3; *P.R.S.*, 2025 WL 3269947, at *1-*2. Mandatory detention under 8 U.S.C. § 1225(b)(2) "is not authorized" in such cases. *P.R.S.*, 2025 WL 3269947, at *2. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1281 (11th Cir. 2026)(finding 8 U.S.C. § 1225(b)(2)only applies to those aliens "who have not yet entered the United States, but are 'seeking admission' at the border").

Based upon the rationale of *J.A.M.* and *P.R.S.*, Respondents in this action are hereby ORDERED to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. Respondents shall provide this bond hearing within seven days of today's order. Once a bond hearing is provided, Petitioner will have received the remedy that the Court is authorized to order, and Petitioner should file a notice of dismissal.

If Respondents in good faith contend that the Court's prior rulings in *J.A.M.* and *P.R.S.* do not apply here, Respondents should file an appropriate motion seeking relief from this order and demonstrating why the Court's prior rulings in *J.A.M.* and *P.R.S.*

2

do not control the result in this case.  If such a good faith motion is filed, then this order shall be stayed pending the resolution of that motion.

IT IS SO ORDERED, this 8th day of July, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

3